IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DEBORAH SLUTTER, | : | CIVIL ACTION |
| Plaintiff | : | |
| | : | |
| v. | : | NO. 11-1161 |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| Defendant | : | |

**M E M O R A N D U M**

STENGEL, J.                                                     November 28, 2012

      This is the second action brought by Deborah Slutter against the United States of America seeking the return of $20,000 which she offered in compromise for the full discharge of her tax indebtedness for tax years 2003, 2004, and 2005.   In 2007, the Internal Revenue Service rejected the offer initially and on appeal, and applied the sum to the $57,242.67 she owed the government for those tax years.   I dismissed her first action for lack of subject matter jurisdiction, having found that Miss Slutter had failed to meet the jurisdictional prerequisite of exhaustion of administrative remedies.   See Slutter v. United States of America, No. 08-3046, 2011 U.S. Dist. LEXIS 59916 (E.D. Pa. Jan. 20, 2011). The defendant has filed a motion to dismiss Miss Slutter's current action pursuant to Rule 12(b)(1)[1] of the Federal Rules of Civil Procedure.   For the following reasons, I will grant the motion.

---

[1] The defendant also moves for dismissal pursuant to Rule 12(b)(5) claiming insufficient service of process.   Because I will dismiss the complaint based on Rule 12(b)(1), I will not address the alternative basis for dismissal.   I note that the plaintiff responded that she has subsequently perfected service upon the defendant.

## I.  BACKGROUND

On August 28, 2007, with the assistance of a certified public accountant, Miss Slutter submitted IRS Form 656, entitled Offer in Compromise, to the Internal Revenue Service together with a lump-sum payment of $20,000.   Three months later, the government rejected the offer, yet retained the money.   A month later, Miss Slutter appealed the decision but her appeal was denied the following April.   She received notice from the Internal Revenue Service that part of the $20,000 payment was used to satisfy her liability for tax year 2003, and the remaining amount, i.e., $9,649.45, was characterized as an overpayment and applied toward her liability for tax year 2004.   Miss Slutter then filed her first complaint characterizing the government's decision to retain the lump sum offer as an "outrageous abuse of discretion and a violation of its own regulations."

Unfortunately, Miss Slutter had not exhausted her administrative remedies before bringing her first complaint here.   Because administrative exhaustion is a prerequisite for Miss Slutter's claim to overcome the United States' sovereign immunity, I dismissed the action for lack of subject matter jurisdiction.

In an effort to exhaust those remedies, Miss Slutter's attorney hand-delivered an administrative claim for relief to the IRS Appeals Unit on March 24, 2010.   In May 2010, however, the IRS Appeals Unit informed Miss Slutter that it did not have her administrative claim.   Miss Slutter then mailed a copy to the Unit on May 25, 2010.

Following the September 2010 denial of her administrative claim, Miss Slutter moved to reinstate her previous action here, arguing that because the impediment to the

resolution of her case had been cured, it would have been equitable to allow her to reinstate her complaint.   That, however, was not possible because where Congress intends to require the exhaustion of remedies, exhaustion must be complete before an invocation of the judicial process.   McNeil v. United States, 508 U.S. 106, 111-112 (1993) (strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law).   Accordingly, I denied Miss Slutter's motion to reinstate, finding that the court could not re-open a case over which it had no jurisdiction. Miss Slutter then brought this second action against the government.

## II.   STANDARD OF REVIEW

A motion to dismiss pursuant to Rule 12(b)(1) may be treated as either a facial or factual challenge to the court's subject matter jurisdiction.   Gould Elecs. Inc. v. United States, 220 F.3d 169, 176 (3d Cir. 2000).   Facial attacks contest the sufficiency of the pleadings, and the trial court must accept the complaint's allegations as true.   Dismissal under a facial challenge is proper only when the claim appears to be immaterial and made solely for the purpose of obtaining jurisdiction, or is wholly insubstantial and frivolous. Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1408-1409 (3d Cir. 1991).

In contrast, a trial court considering a factual attack, i.e., an attack based on the sufficiency of jurisdictional fact, accords a plaintiff's allegations no presumption of truth. Turicentro, S.A. v. Am. Airlines, Inc., 303 F.3d 293, 300 n.4 (3d Cir. 2002).   Where, as here, subject matter jurisdiction "in fact" is challenged, the trial court's very power to hear the case is at issue, and the court is therefore "free to weigh the evidence and satisfy itself

as to the power to hear the case."  <u>Mortensen v. First Federal Savings and Loan Assoc.</u>,
549 F.2d 884, 891 (3d Cir. 1977).

## III.  DISCUSSION

The United States is immune from suit, unless it consents to be sued by waiving its
sovereign immunity.  <u>Lehman v. Nakshian</u>, 453 U.S. 156, 160 (1981); <u>see also</u> <u>United
States v. Testan</u>, 424 U.S. 392, 399 (1976) (the United States, including its agencies and its
employees, can be sued only to the extent that it has expressly waived its sovereign
immunity).   Moreover, when a plaintiff seeks to sue the United States, she may not rely on
the general federal question jurisdiction of 28 U.S.C. § 1331, but must identify a specific
statutory provision that waives the government's sovereign immunity from suit.   Such a
waiver must be "unequivocally expressed," and any waiver will be strictly construed in
favor of the sovereign.   <u>United States v. Nordic Village, Inc.</u>, 503 U.S. 30, 33-34 (1992);
<u>see also</u> <u>Clinton County Comm'rs v. United States EPA</u>, 116 F.3d 1018, 1021 (3d Cir.
1997).   Where the sovereign has waived immunity, no suit can be maintained unless it is
in exact compliance with the terms of the statute under which the sovereign has consented
to be sued.   <u>United States v. King</u>, 395 U.S. 1, 4 (1969).

Title 28 of the United States Code, Section 1346(a)1) provides that the district
courts shall have original jurisdiction of:

> (1) Any civil action against the United States for the recovery
> of any internal-revenue tax alleged to have been erroneously or
> illegally assessed or collected, or any penalty claimed to have
> been collected without authority or any sum alleged to have
> been excessive or in any manner wrongfully collected under

4

the internal-revenue laws.

28 U.S.C. § 1346(a)(1).   The United States Supreme Court recognized that § 1346(a)(1)

waives the government's sovereign immunity from suit by authorizing federal courts to

adjudicate "any civil action against the United States for the recovery of any

internal-revenue tax alleged to have been erroneously or illegal assessed or collected."

United States v. Williams, 514 U.S. 527, 530 (1995).   Section 1346(a)(1) must be read in

conformity with other statutory provisions placing requirements or restrictions on such

actions which limit and determine the scope of this grant of jurisdiction.   Koss, et al. v.

United States of America, 69 F.3d 705, 707 (3d Cir. 1995) (citing United States v. Dalm,

494 U.S. 596, 601 (1990)).   Three pertinent sections of the Internal Revenue Code, when

read in conformity with § 1346(a)(1), provide the statutory provisions necessary to

determine the scope of the court's authorization to adjudicate these types of cases.   Koss,

69 F.3d at 707.

    First, 26 U.S.C. § 7122 gives the Secretary of the Treasury, or his delegate, the

authority to compromise any civil or criminal case arising under the internal revenue laws

prior to reference to the Department of Justice for prosecution or defense.   26 U.S.C. §

7122(a).   The statute further states that the Secretary shall prescribe guidelines for officers

and employees of the Internal Revenue Service to determine whether an

offer-in-compromise is adequate and should be accepted to resolve a dispute.   26 U.S.C. §

7122(c).

    Second, 26 U.S.C. § 7809(b)(1) provides for the placement of funds offered in

5

compromise in a deposit fund account, and more importantly here, for the return of such funds to the maker of the offer upon rejection by the Secretary.   The statute specifically states that sums offered under the provisions of 26 U.S.C. § 7122 would be deposited with the Treasurer in a deposit fund account, and "the Secretary *shall* refund to the maker of such offer the amount thereof."   <u>See</u> 26 U.S.C. § 7809(b)(1) (emphasis added).   This framework is also outlined in the Internal Revenue Service's own regulations. Specifically, 26 C.F.R. § 301.7122-1(h) provides:

> Deposits. Sums submitted with an offer to compromise a liability or during the pendency of an offer to compromise are considered deposits and will not be applied to the liability until the offer is accepted unless the taxpayer provides written authorization for application of the payments. . . . ***If an offer is rejected, any amount tendered with the offer, including all installments paid on the offer, will be refunded, without interest, after the conclusion of any review sought by the taxpayer with Appeals.*** Refund will not be required if the taxpayer has agreed in writing that amounts tendered pursuant to the offer may be applied to the liability for which the offer was submitted.

26 C.F.R. § 301.7122-1(h) (emphasis added).

Finally, 26 U.S.C. § 7433(a) specifically waives sovereign immunity limited to actions seeking damages in connection with any collection of tax that involves the reckless, intentional, or negligent disregard of any provision or regulation under the Internal Revenue Code:

> If, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence, disregards any provision of this title, or any regulation

> promulgated under this title, ***such taxpayer may bring a civil action for damages against the United States in a district court of the United States***.  Except as provided in section 7432, such civil action shall be the exclusive remedy for recovering damages resulting from such actions.

<u>See</u> 26 U.S.C. § 7433(a) (emphasis added).   Certainly from Miss Slutter's perspective, someone at the Internal Revenue Service disregarded the provision of the Code which mandates that "sums offered under the provisions of 26 U.S.C. § 7122 would be deposited with the Treasurer in a deposit fund account, and 'the Secretary *shall* refund to the maker of such offer the amount thereof.'"   <u>See</u> 26 U.S.C. § 7809(b)(1) (emphasis added). Likewise, someone must have also disregarded the provision of the IRS's regulations directing that "If an offer is rejected, any amount tendered with the offer, including all installments paid on the offer, *will be refunded*, without interest, after the conclusion of any review sought by the taxpayer with Appeals."   26 C.F.R. § 301.7122-1(h) (emphasis added).

        After amassing a large tax indebtedness, Miss Slutter availed herself of a legal mechanism outlined in the Internal Revenue Code which allowed her to present the government an offer-in-compromise of her tax liability, and to expect the return of the money should that offer be rejected.   What was mandated in the IRS Code and its Regulations, however, did not happen here.   Instead, the IRS disregarded its framework for offers-in-compromise, and kept the $20.000.   Despite repeated efforts to have the money returned to her, Miss Slutter has been unsuccessful.   She has returned to federal court which has been authorized by 28 U.S.C. § 1346(a)(1) to adjudicate "any civil action

7

against the United States for the recovery of any internal-revenue tax alleged to have been

erroneously or illegal assessed or collected," Williams, 514 U.S. at 530, in combination

with 26 U.S.C. § 7433(a) which specifically waives sovereign immunity limited to actions

seeking damages in connection with any collection of tax that involves the reckless,

intentional, or negligent disregard of any provision or regulation under the Internal

Revenue Code.

　　　　Section 7433, however, is subject to limitations.   See 26 U.S.C. § 7433(d).[2]   A

civil action under paragraph (a) of this section must be brought in federal district court

within two years after the date the cause of action accrues.   26 C.F.R. 301.7433-1(g)(1).

A cause of action accrues when the taxpayer has had a reasonable opportunity to discover

all essential elements of a possible cause of action.   26 C.F.R. 301.7433-1(g)(2).   Further,

no civil action in federal district court may be brought prior to filing an administrative

claim.   26 C.F.R. 301.7433-1(d).   In fact, no action under § 7433 shall be maintained in

any federal district court before the earlier of two dates: (1) the date a decision is rendered

on an administrative claim; or (2) the date six months after the date an administrative claim

is filed.   26 C.F.R. 301.7433-1(d)(1).   If an administrative claim is filed during the last

six months of the period of limitations, the taxpayer may file an action in federal district

---

　　　　[2]  (d) Limitations.
　　　　　　(1) Requirement that administrative remedies be exhausted. A judgment for damages shall not be awarded under subsection (b) unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service. . . .
　　　　　　(3) Period for bringing action. Notwithstanding any other provision of law, an action to enforce liability created under this section may be brought without regard to the amount in controversy and may be brought **only** within 2 years after the date the right of action accrues.

court any time after the administrative claim is filed and before the expiration of the period

of limitations.   26 C.F.R. 301.7433-1(d)(2).   If these requirements are not satisfied, there

will be no waiver of sovereign immunity, and the court will not have subject matter

jurisdiction over the suit.   See Dalm, 494 U.S. at 608.

The essential elements of a § 7433 cause of action are (1) a collection of federal tax

with respect to the taxpayer that injures the taxpayer and results from (2) an officer or

employee of the IRS's reckless, intentional, or negligent disregard for a provision of the

Internal Revenue Code or a related regulation.   Miss Slutter had a reasonable opportunity

to discover both essential elements of her claim on November 26, 2007, when the

government rejected her offer-in-compromise and retained the $20,000.   Because the

rejection letter provided a reasonable opportunity for Miss Slutter to discover the essential

elements of her claim, her cause of action accrued on November 26, 2007.[3]

Unfortunately, Miss Slutter filed her administrative claim and this current action

more than two years from the date her cause of action accrued.   As such, this action is

untimely and barred by the time limitation of § 7433(d)(3).

I am not persuaded by Miss Slutter's argument that the time limitation should be

tolled, and her case be allowed to proceed.   Specifically, Miss Slutter proposes that (1) the

time limitation should be tolled by the filing of her prior action here, citing Tenpenny v.

United States, 490 F.Supp. 2d 852 (N.D. Ohio. 2007), and (2) that the time limitation

---

[3]   I note that in her response to the government's motion, Miss Slutter concedes this date as
the date her cause of action accrued.   See Document #7 at 2.

should be equitably tolled.

In Tenpenny, a Northern District of Ohio case, the court was concerned that it had incorrectly dismissed the plaintiff's prior action for lack of subject matter jurisdiction. When the prior action was dismissed, the plaintiff had not argued that jurisdiction existed, did not bring in additional jurisdictional facts, and did not appeal.   Instead, the plaintiff brought a second action.   A fact that was revealed in this subsequent litigation, i.e., that the plaintiff had timely brought an administrative claim before the prior action, led the court to believe that it had had jurisdiction over the prior proceeding, and that its own error in dismissing the prior action had injured the plaintiff.   The court then determined that the proper remedy would be to allow the plaintiff to proceed.   As a result, the Tenpenny court held that the plaintiff's prior action tolled § 7433's time limitation.

Other courts have emphasized that, if it is of any value at all, Tenpenny should be strictly limited to its facts.   Wallace v. United States, 372 Fed. Appx. 826, 831 (10th Cir. 2010) ("In Tenpenny, the court acknowledged that 'the public is charged with knowledge of the law,' but permitted equitable tolling under the unique circumstances in that case because of the possibility that the plaintiff may have been misled by an earlier Order of that court").   No such unique circumstances exist here.   Miss Slutter's prior action was properly dismissed for failure to exhaust her administrative remedies, which had divested the court of subject matter jurisdiction.   As such, Tenpenny's unique fact pattern is not present here and does not support tolling of § 7433's time limitation.

Miss Slutter next asserts that the time limitation should be equitably tolled.

Initially, I note that "the law is clear that courts must be sparing in their use of equitable tolling." Seitzinger v. Reading Hosp. & Med. Ctr., 165 F.3d 236, 239 (3d Cir. 1999).   In some cases, however, equitable tolling is appropriate when principles of equity would make a rigid application of the limitations period unfair.   Miller v. New Jersey State Dep't of Corrections, 145 F.3d 616, 618 (3d Cir. 1998).   Nevertheless, equitable tolling in cases where Congress has created a limited waiver of sovereign immunity is "not to be lightly implied."   Becton Dickinson & Co. v. Wolckenhauer, 215 F.3d 340, 346 (3d Cir. 2000).

Time limitations analogous to a statute of limitations are subject to equitable modifications such as tolling, see Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1387 (3d Cir. 1994), which "stops the running of the statute of limitations in light of established equitable considerations," New Castle County v. Halliburton NUS Corp., 111 F.3d 1116, 1125 (3d Cir. 1997).   On the other hand, when a time limitation is considered jurisdictional, it cannot be modified and non-compliance is an absolute bar.   See Oshiver, 38 F.3d at 1387.   To determine whether the time limitation in Section 7433 is a statute of limitations, which can be equitably tolled, or a jurisdictional bar, which cannot be tolled, regardless of the equities in a given case, "we look to congressional intent by considering the language of the statute, legislative history, and statutory purpose."   Miller, 145 F.3d at 618.

In making this determination, the Supreme Court of the United States has provided significant guidance.   First, "time requirements in lawsuits between private litigants are customarily subject to 'equitable tolling.'"   Irwin v. Department of Veterans Affairs, 498

U.S. 89, 95 (1990) (citing <u>Hallstrom v. Tillamook County</u>, 493 U.S. 20, 27 (1989)).   Miss Slutter's action, however, is not a "lawsuit between private litigants."   Miss Slutter is suing the government, not a private litigant.   Because the time limitation in Section 7433 is applicable exclusively to causes of action against the United States, and not against private litigants, it is inappropriate to assume that it is necessarily like other time limitations that are "customarily subject to 'equitable tolling.'"   See <u>Becton Dickinson & Co. v. Wolckenhauer</u>, 215 F.3d 340, 344-346 (3d Cir. 2000).

       Moreover, Section 7433 constitutes a waiver of sovereign immunity.   Thus, as the Supreme Court has stated:

> When Congress attaches conditions to legislation waiving the sovereign immunity of the United States, those conditions must be strictly observed, and exceptions thereto are not to be lightly implied.   When waiver legislation contains a statute of limitations, the limitations provision constitutes a condition on the waiver of sovereign immunity.   Accordingly, although we should not construe such a time-bar provision unduly restrictively, we must be careful not to interpret it in a manner that would "extend the waiver beyond that which Congress intended."

<u>Block v. North Dakota</u>, 461 U.S. 273, 287 (1983); <u>see also</u> <u>Lane v. Pena</u>, 518 U.S. 187, 192 (1996) ("A waiver of the government's sovereign immunity will be strictly construed, in terms of its scope, in favor of the sovereign."); <u>United States v. Williams</u>, 514 U.S. 527, 531 (1995) (when confronted with a purported waiver of the federal government's sovereign immunity, the court will "construe ambiguities in favor of immunity").   Thus, in determining whether the time limitation in Section 7433 is a statute of limitations or a

jurisdictional bar, I am mindful not only that the statutory provision contains a waiver of sovereign immunity, but also that it is a condition on that waiver, and must be strictly observed.

Second, I also note that the statute sets forth its time limitation in a rather emphatic form.   See 26 U.S.C. § 7433(d) ("An action to enforce liability . . . may be brought *only* within two years after the date the right of action accrues").   Thus, the emphatic, non-permissive nature of the language that Congress chose to employ also supports a finding that the time limitation cannot be equitably tolled.

Finally, as the Third Circuit has already indicated, "Tax law, after all, is not normally characterized by case-specific exceptions reflecting individualized equities. The nature of the underlying subject matter -- tax collection -- underscores the linguistic point."   United States v. Brockamp, 519 U.S. 347, 352 (1997)).   In light of the "more than 200 million tax returns" and "90 million refunds" that the government processes annually, the Third Circuit in Brockamp was concerned about the administrative burden the Internal Revenue Service would face if the court permitted the time limitation in a similar provision of the Internal Revenue Code to be equitably tolled.   Id.   It is possible to conclude, even without supporting data available, that equitably tolling § 7433 could lead to myriad, stale wrongful claims against the IRS.   Accordingly, I find that the time limitation provided by Congress in 26 U.S.C. § 7433 is a jurisdictional bar, and divests this court of subject matter jurisdiction.

In the alternative, if the time limitation were not a jurisdictional bar and equitable

tolling were appropriate here, Miss Slutter's case would still fail.   Equitable tolling is

permitted when (1) the defendant has actively misled the plaintiff, (2) the plaintiff has in

some extraordinary way been prevented from asserting her rights, or (3) the plaintiff has

timely asserted her rights mistakenly in the wrong forum.   United States v. Midgley, 142

F.3d 174, 179 (3d Cir. 1998).   Miss Slutter argues that each of these grounds for equitable

tolling is present in her case.   I do not agree.

　　　　Miss Slutter first argues that the government misled her because it "never

mentioned to the plaintiff, or for that matter to this court, that the administrative remedies

the plaintiff was supposed to exhaust had already been exhausted and no office existed for

the kind of further review both the court and the regulation contemplated."   See Document

#7-1 at 2.   This alleged omission by the government, however, is an example of passive

misleading rather than the active misleading required for equitable tolling.   See Heges v.

United States, 404 F.3d 744, 752 (3d Cir. 2005) (government does not have "an affirmative

duty to inform litigants, including pro se litigants," of their available remedies).   Because

the government had no duty to guide Miss Slutter through this statutory maze, it cannot be

said that the government misled her.

　　　　Next, Miss Slutter was not prevented from asserting her rights in an extraordinary

way.   The government's alleged delay in processing her claim could not have prevented

Miss Slutter from bringing an action in this court if she had filed a timely administrative

claim according to the regulations.   In fact, the regulations provide for an action to be filed

six months after filing an administrative claim or "any time after the administrative claim is

14

filed and before the expiration of the period of limitations" if the administrative claim is filed during the last six months of the period of limitations.   See 26 C.F.R. §§ 301.7433-1(d)(1)(ii), (2).

Third, Miss Slutter did not timely assert her rights mistakenly in the wrong forum. Equitable tolling for asserting rights in the wrong forum is generally applied when a prior action has been dismissed for improper venue.   See Burnett v. New York Cent. R. Co., 380 U.S. 424 (1965).   Miss Slutter filed her prior action in this court which is the correct venue.   Because she had not exhausted her administrative remedies, however, the court lacked subject matter jurisdiction.

Miss Slutter's allegations, even if true, do not demonstrate that her failure to bring suit within two years was caused by misconduct by the government, by some other extraordinary interference with her ability to assert her rights, or by a mistaken filing in a different forum.   Accordingly, if § 7433's time limitation were not a jurisdictional bar, and the principles of equitable tolling were applicable, I would be still constrained to reject Miss Slutter's equitable tolling argument, and grant the government's motion to dismiss.

Finally, there being no subject matter jurisdiction, I am unable to consider Miss Slutter's claim of civil contempt in Count II.   For the record, however, I am also unable to find authority to support a finding that the United States has waived its sovereign immunity to be sued for civil contempt.

In conclusion, under these circumstances, this case cannot be maintained due to its non-compliance with the terms of the statute under which the sovereign has consented to

be sued.   <u>King</u>, 395 U.S. at 4.   Because sovereign immunity is jurisdictional in nature,

<u>F.D.I.C. v. Meyer</u>, 510 U.S. 471, 475 (1994), and Miss Slutter has failed to meet the

jurisdictional prerequisite of timeliness, I must again find that the court has no subject

matter jurisdiction over this matter.   Accordingly, I will grant the defendant's motion.

       An appropriate Order follows.